UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE

DOROTHY MONIELLO,

Debtor.

MICHAEL ROZEA,

Appellant.

No. 3:17-cv-01801 (SRU)

**RULING AND ORDER ON APPEAL FROM
ORDER IMPOSING SANCTIONS**

Michael Rozea, Esq. ("Attorney Rozea") timely appealed an order of United States Bankruptcy Judge James J. Tancredi dated October 10, 2017. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 1-4.[1] The Order instructs Attorney Rozea to pay $2,000.00 to the Clerk of the Court and $3,000.00 to Debtor Dorothy Moniello ("Moniello"), as well as consult with "experienced bankruptcy counsel" to develop "a protocol with regard to motion for relief from stay practice, reasonably calculated to avert the mistakes" found by the Bankruptcy Court. *Id.* at 4.

In the Order, the Bankruptcy Court held that Attorney Rozea had "occasioned a cascade of grave legal consequences, denigrated the legal process of [the Bankruptcy Court], and resulted in the wrongful removal of a vulnerable human being from her home." Order, Doc. No. 1-1, at 4. As a result of that finding, the Bankruptcy Court sanctioned Attorney Rozea under "the inherent authority" of the Bankruptcy Court, also relying on "undisputed core principles that relate to

---

[1] An Amended Order was filed on December 19, 2017 to correct a reference to Federal Rule of Bankruptcy Procedure 9011, which was referred to as Federal Rule of Bankruptcy Procedure 9019 on page 4. Citations in this ruling are to the pages of the original Order.

Federal Rule of Bankruptcy Procedure 9011 [and] the Code of Professional Responsibility."
Transcript of Bench Ruling on Order to Show Cause, Oct. 6, 2017 ("Bench Ruling Transcript"),
Doc. No. 10, at 8:4–8:7.

Attorney Rozea argued that the Order was based on an incorrect factual finding, and that the Bankruptcy Court applied an erroneous standard in ordering sanctions against him. I am unpersuaded by Attorney Rozea's arguments. The Bankruptcy Court acted within its discretion under its inherent authority and made no clearly erroneous factual findings against Attorney Rozea. Accordingly, I affirm the decision of the Bankruptcy Court.

**I.     Background**

On July 6, 2016, Moniello, proceeding *pro se*, filed a chapter 13 bankruptcy petition in United States Bankruptcy Court. *See* Order to Appear and Show Cause, Doc No. 16-18, at 2. On August 30, 2016, Attorney Rozea filed a motion for relief from stay on behalf of Wells Fargo Bank, National Association ("Wells Fargo"), asserting that Wells Fargo held title to Moniello's property.[2] *See* Motion for Relief, Doc. No. 16-8, at 2. Judge Tancredi granted Wells Fargo's motion for relief from stay on September 23, 2016, granting relief to Wells Fargo and its "successors and assignees." Order Granting Relief from Stay, Doc. No. 16-10, at 2. Wells Fargo had, however, sold its interest in the property to Shmuel Aizenberg on July 29, 2016. *See* Special Warranty Deed from Wells Fargo to Shmuel Aizenberg, Doc. No. 16-2, at 3. The sale occurred nearly two weeks before Attorney Rozea filed the motion for relief in which he represented to the Bankruptcy Court that Wells Fargo still held title to the property. *See* Motion for Relief, Doc.

---

[2] There is a discrepancy in the papers regarding whether Wells Fargo owned an undivided one-half interest in the property in question or whether Wells Fargo owned the entire property. *See* Appellant's Brief, Doc. No. 16, at 3-4; Order to Appear and Show Cause, Doc. No. 16-18, at 2-3. That discrepancy is not material to the issue here.

No. 16-8, at 2. Shmuel Aizenberg subsequently sold the property to Super Zen, LLC on September 1, 2016. *See* Quit Claim Deed from Shmuel Aizenberg to Super Zen, LLC, Doc. No. 16-6, at 3.

On September 29, 2016, Super Zen LLC initiated a summary process action naming "John Doe" and "Jane Doe" as the defendants. *See* Summons and Complaint of Summary Process Action, Doc. No. 16-7, at 2. The summary process complaint alleged that a notice to quit possession had been served upon each defendant on August 24, 2016, at a time when Moniello's bankruptcy stay was still in effect. *Id.* at 3.

Moniello filed a motion to vacate and/or reconsider the order granting relief from stay on October 6, 2016. *See* Debtor Motion to Vacate Order Granting Relief from Stay, Doc. No. 16-11, at 2. Wells Fargo filed a response in which Attorney Rozea indicated that Wells Fargo still owned the property, even though Wells Fargo had actually sold the property months earlier to Shmuel Aizenberg on July 29, 2016. *See* Response to Motion to Vacate, Doc No. 16-12, at 2–3; Special Warranty Deed from Wells Fargo to Shmuel Aizenberg, Doc. No. 16-2, at 3. After the Court reconsidered the order, it again granted relief from stay. Order Granting Motion to Vacate, and, after Reconsideration, Granting Motion for Relief from Stay, Doc. No. 16-13. Moniello's chapter 13 bankruptcy case was dismissed on January 6, 2017. Order Reopening Case for a Limited Purpose, Doc. No. 16-14, at 2.

On September 8, 2017, Moniello filed a second chapter 13 case in response to the Connecticut Housing Session's issuance of an execution for possession of her home following a trial in Connecticut Superior Court that resulted in judgment in favor of Ocean Management, LLC. Bankruptcy Case No. 17-31385, Doc. No. 1. Moniello filed an emergency motion to stay the eviction. Bankruptcy Case No. 17-31385, Doc. No. 8. In the motion to vacate, Moniello

alleged that she provided a notice of bankruptcy filing to the Connecticut State Marshal who was evicting her, but he proceeded with the eviction. *Id.* at 2. The Bankruptcy Court held a hearing on September 18, 2018 regarding the emergency stay motion, during which time it discovered that Attorney Rozea may have misrepresented Wells Fargo's property interest during the first bankruptcy proceeding. Order to Appear and Show Cause, Doc. No. 16-18, at 5–7; Appellant's Brief, at 7.

After the September 18 hearing, the Bankruptcy Court ordered a show cause hearing to determine, among other things, whether Attorney Rozea should be sanctioned for his failure to inform the Court about the sale of Wells Fargo's property to Shmuel Aizenberg. Order to Appear and Show Cause, Doc No. 16-18, at 5–7.

Judge Tancredi held a show cause hearing on September 29, 2017. Order to Show Cause Hearing Transcript, Doc. No. 9 ("Hearing Transcript"). On October 6, 2017, Judge Tancredi issued a bench ruling on the order to show cause. Bench Ruling Transcript, Doc. No. 10. In the bench ruling, Judge Tancredi made a factual finding that Attorney Rozea should have known, and should have disclosed, that Wells Fargo had sold its interest in Debtor Moniello's property at the time Wells Fargo filed a Motion for Relief from Stay and acted "without reasonable diligence" in representing that Wells Fargo still owned the property. Order, at 4; Bench Ruling Transcript, Doc. No. 10, at 11:2–11:24. The Judge held that Attorney Rozea did not disclose to the Bankruptcy Court any information about the sale, and that that mistake allowed the Bankruptcy Court to vacate the order of relief from stay under Federal Rule of Civil Procedure 60(b) (which provides grounds for relief from a final order for "mistake, inadvertence, surprise, or excusable neglect"). Bench Ruling Transcript, Doc. No. 10, at 11:2–11:24.

At the conclusion of the bench ruling, Judge Tancredi ordered that sanctions be imposed on Attorney Rozea, for a total of $2,000.00 payable to the Clerk of the Court and $3,000.00 payable to Debtor Dorothy Moniello. Bench Ruling Transcript, Doc. No. 10, at 19:5–19:22; Order, at 4. He also ordered Attorney Rozea to consult with "experienced bankruptcy counsel" to develop "a protocol with regard to motion for relief from stay practice, reasonably calculated to avert the mistakes" found by the Bankruptcy Court. Order, at 4, *see also* Bench Ruling Transcript, Doc. No. 10, at 19:23–20:9.

Attorney Rozea timely appealed Judge Tancredi's sanctions order.

## II. Standard of Review

A federal district court has jurisdiction to hear appeals of "final judgments, orders, and decrees" of the bankruptcy court for the same district pursuant to 28 U.S.C. § 158(a). When reviewing bankruptcy appeals, the district court reviews conclusions of law *de novo* and applies the clearly erroneous standard to findings of fact. *In re Ionosphere Clubs*, 922 F.2d 984, 988 (2d Cir. 1990). The district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree[,] or remand with instructions for further proceedings." *In re Indicon*, 499 B.R. 395, 400 (D. Conn. 2013) (quoting former Federal Rule of Bankruptcy Procedure 8013).

## III. Discussion

A. <u>Jurisdiction</u>

This court has jurisdiction to hear the present appeal. A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). The Bankruptcy Court's Order did not intend to leave open any issues pertaining to the issue of sanctions, and thus is treated as a final order. Order, Doc. No. 1-1, at 1–4.

B. <u>Imposition of Sanctions.</u>

The issues Attorney Rozea raises on appeal are: (1) whether the Bankruptcy Court abused its discretion by imposing sanctions based on a determination that Attorney Rozea's conduct had "occasioned a cascade of grave legal consequences" and "resulted in the wrongful removal of a vulnerable human being", and (2) whether the Bankruptcy Court "made a clearly erroneous factual finding in determining that Wells Fargo sold its interest in the property at issue on July 29, 2016." Appellant Rozea Brief, Doc. No. 16, at 2. As discussed below, I hold that the Bankruptcy Court did not abuse its discretion by sanctioning Attorney Rozea under its inherent authority and that its factual finding is not clearly erroneous.

1. *The Bankruptcy Court did not abuse its discretion by sanctioning Attorney Rozea under its inherent authority.*

Federal Rule of Civil Procedure 11 requires that when an attorney presents a "pleading, written motion, or other paper" to the court, the attorney must certify that the information presented is not being put forth for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that all "factual contentions have evidentiary support or…will have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). The rule provides that the court may order an attorney to show cause why conduct has not violated Federal Rule 11(b), and may issue sanctions for violation of Federal Rule 11(b) on its own initiative. Fed. R. Civ. P. 11(c)(3).

Bankruptcy Procedure 9011 essentially mirrors Federal Rule of Civil Procedure 11. It states, in relevant part, that by presenting pleadings, petitions, written motions, or other papers to the court, an attorney or unrepresented party is certifying that "to the best of the person's knowledge...formed after an inquiry under reasonable circumstances," that the paper is not being presented for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation…." Fed. R. Bankr. P. 9011(b)(1).

6

Pursuant to Bankruptcy Rule 9011(c), if, after notice and an opportunity to respond, the bankruptcy court determines that an attorney has violated Bankruptcy Rule 9011(b), it may impose "an appropriate sanction." *In re Withrow*, 405 B.R. 505, 513 (B.A.P. 1st Cir. 2009); s*ee also* Fed. R. Bankr. P. 9011(c)(1). A sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated" and can include an order to pay a penalty to the court or some or all of the reasonable attorneys' fees and expenses to the movant. Fed. R. Bankr. P. 9011(c)(2).

In addition to the authority of Fed. R. Civ. P. 11 and Bankruptcy Rule 9011, "[f]ederal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients." *In re Plumeri*, 434 B.R. 315, 327–28 (S.D.N.Y. 2010) (internal citation omitted); *see also In re Kalikow*, 602 F.3d 82, 96–97 (2d Cir. 2010) (implying that bankruptcy courts may utilize their "inherent powers" to impose sanctions). In addition, the Supreme Court has held that "[a]lthough a court ordinarily should rely on [Federal Rule 11 or other Federal Rules] when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the rules, the court may safely rely on its inherent power if, in its informed discretion, neither the statutes nor the rules are up to the task." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees.").

The Second Circuit has held that a court can impose sanctions under its inherent authority when it finds "clear evidence that (1) the offending party's claims were entirely without color,

7

and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000).

Here, the Bankruptcy Court used its inherent authority to sanction Attorney Rozea for misleading the Bankruptcy Court about facts essential to the exercise of the judicial function. The Bankruptcy Court held that "Attorney Rozea unfortunately and improperly and falsely represented that Wells Fargo was the holder of record title" at a time when Wells Fargo did not "possess the necessary legal standing" because Wells Fargo had "transferred and assigned its interest in the subject property", and that the fact of the prior sale was "irrefutably demonstrate[d]" by the record. Bench Ruling Transcript, Doc. No. 10, at 10:13–11:7.

The Bankruptcy Court could have sanctioned Attorney Rozea under Federal Rule of Civil Procedure 11 and Federal Bankruptcy Rule 9011. However, the Bankruptcy Court also has a great deal of discretion to impose sanctions under its inherent authority, and it did not abuse that discretion here. *See Chambers*, 501 U.S. at 33. The Bankruptcy Court did not err in holding that by seeking affirmation of relief of stay "without verification, without affidavit, and without reasonable diligence[,]" Attorney Rozea misled the Bankruptcy Court. *Id.* at 11:8–11:14.

Even if the Bankruptcy Court did not find that Attorney Rozea explicitly acted with deliberate bad faith, a comparison may be made to conscious avoidance in the fraud context, where a defendant who acts "with a conscious purpose to avoid learning the truth" may satisfy the knowing and willful elements of fraud. *See United States v. Henry*, 888 F.3d 589, 601 (2d Cir. 2018). It is reasonable to conclude that by failing to investigate the identity of the true owner of the property formerly owned by Wells Fargo, Attorney Rozea consciously avoided learning the truth, and thus can be sanctioned here.

Furthermore, the Bankruptcy Court correctly determined that as a result of Attorney Rozea's failure to disclose the change in property ownership, a "cascade of grave legal consequences" occurred, culminating in the removal of Moniello from her home. Order, Doc. No. 1-1, at 4. Although Attorney Rozea argues that Ocean Management's notice to quit, which was served on Moniello on August 24, 2016, while Moniello's stay was still in effect, was actually void, Appellant's Brief, Doc. No. 16, at 11, Attorney Rozea filed a response to Moniello's motion to vacate and/or consider the order granting relief from stay in which he indicated that Wells Fargo still owned the property, thereby causing the Bankruptcy Court to grant relief from stay. *See* Response to Motion to Vacate, Doc No. 16-12, at 2–3; Order Granting Motion to Vacate, and, after Reconsideration, Granting Motion for Relief from Stay, Doc. No. 16-13. Moniello's chapter 13 bankruptcy case was then dismissed on January 6, 2017, and she was eventually evicted from her home. Order Reopening Case for a Limited Purpose, Doc. No. 16-14, at 2.

But for Attorney Rozea's misrepresentations to the Bankruptcy Court, the series of events that eventually led to Moniello's removal would not have taken place. *Id.* at 19:5–19:9. Therefore, sanctions were appropriately imposed.

2. *The Bankruptcy Court's factual finding is not clearly erroneous.*

Attorney Rozea also argues on appeal that the Bankruptcy Court "made a clearly erroneous factual finding in determining that Wells Fargo sold its interest in the property at issue on July 29, 2016." Appellant Rozea Brief, Doc. No. 16, at 2. He contends instead that Wells Fargo sold its interest in the property at issue on August 17, 2016. *Id.* at 12.

Both the July 29 and the August 17 dates find documentary support in the record; the warranty deed is dated July 29, 2016, and the sale closed on August 17, 2016. The meaningful date is July 29, 2016, because that is the date that Attorney Rozea should have been able to

9

determine that Wells Fargo was parting with ownership of the property. Accordingly, the Bankruptcy Court's factual finding is not clearly erroneous. Even if it were, the error would be harmless because it would not affect the correctness of the sanctions order. A finding that the transaction was completed on August 17, 2016 instead of on July 29, 2016 would not change the outcome here because Attorney Rozea filed the motion for relief from stay on August 30, 2016. Because the date that Attorney Rozea filed the motion was later than either potential sale date, the misrepresentation to the court remains sanctionable. Therefore, this basis for appeal fails.

**IV.   Conclusion**

For the reasons stated above, the Bankruptcy Court's sanctions order is affirmed. Attorney Rozea is ordered to pay $2,000.00 to the Clerk of the Bankruptcy Court and $3,000.00 to Debtor Dorothy Moniello, as well as consult with "experienced bankruptcy counsel" to develop "a protocol with regard to motion for relief from stay practice, reasonably calculated to avert the mistakes" that the Bankruptcy Court determined Attorney Rozea made.

The clerk is directed to close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of September 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge